IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

| | | |
|---|---|---|
| *In re:* | * | |
| USL Financials, Inc., | * | CASE NO. 04-22572-SD |
| Debtor | * | (Chapter 11) |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

| | | |
|---|---|---|
| USL Financials, Inc., | * | |
| Plaintiff, | * | ADVERSARY NO: 05-01300 |
| v. | * | CIVIL NO.: WDQ-05CV-2298 |
| COOK COUNTY, ILLINOIS, | * | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM OPINION

USL Financials ("USL") has sued Cook County, Illinois ("Cook County") for breach of contract, unjust enrichment and *quantum meruit* in an adversary proceeding in the United States Bankruptcy Court for the District of Maryland (the "bankruptcy court"). Pending is Cook County's motion to withdraw reference of the adversary proceeding to the bankruptcy court. For the following reasons Cook County's motion will be granted.

I.  Background

USL is a Maryland corporation that provides computer based accounting and financial management solutions to state and local governments.  Complaint, ¶ 2.

1

In April and August, 1999, Cook County contracted USL to
provide equipment and perform services for the general ledger and
cashiering systems of the Cook County Treasurer's Office (the "GL
Contract" and "Cashiering System Contract").  *Id* at ¶¶ 6-10,
28,29.  USL alleges that Cook County also orally contracted USL
to provide additional materials, equipment and services on an
emergency basis.  *Id* at ¶ 47.

Cook County contends that the contracts contain forum
selection clauses that require any action arising out of the
contract to be litigated in Cook County, Illinois.  Motion to
Withdraw Reference, p. 2.  USL argues the forum selection clauses
are not exclusive.  Response in Opposition to Motion to Withdraw
Reference, p. 8-10.

On May 21, 2004 USL voluntarily petitioned for Chapter 11
bankruptcy protection in this Court.  On March 29, 2005 USL sued
Cook County in bankruptcy court for allegedly refusing to pay USL
in accordance with the contracts.

## II.  Analysis

Cook County has moved for permissive withdrawal of the
reference of the adversary proceeding to the bankruptcy court
pursuant to 28 U.S.C. § 157(d).  Cook County argues that: 1) the
adversary proceeding is "non-core"; 2) involves only state law;
3) withdrawal would promote judicial economy and conserve the

parties resources; and 4) withdrawal would prevent forum shopping.  USL argues in response that: 1) the adversary proceeding is a "core" proceeding; 2) the action is not subject to forum selection provisions; and 3) it is in the interest of justice to deny the motion.


A.  28 U.S.C. § 157(d)

     Under § 157(d) a district court "may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown."  28 U.S.C. § 157(d).  In determining whether cause exists, the Court will consider: 1) whether the proceeding is "core"; 2) the need for uniform administration of bankruptcy proceedings; 3) judicial economy; 4) efficient use of creditor and debtor resources; 5) reduction of forum shopping; and 6) preservation of the right to a jury trial.  *In re U.S. Airways Group, Inc.* 296 B.R. 673 (E.D.Va. 2003); *In re Millenium Studios, Inc. v. Man Roland, Inc.,* 286 B.R. 300 (D.Md. 2002); *Metropolitan Life Insurance Company v. Selman,* 1998 WL 278260, slip op. (W.D.Va. 1998).  The defendant bears the burden of showing cause. *In re Millennium Studios, Inc.,* 286 B.R. 300; *Metropolitan Life Insurance Company,* 1998 WL 278260.

B.  Core v. Non-Core Proceedings

Under § 157, core proceedings include, *inter alia,* those matters "concerning the administration of the estate", § 157(b)(2)(A), and "proceedings affecting the liquidation of the assets of the estate or the adjustment of debtor-creditor...relationship."  § 157(d)(2)(O).  Despite this broad language, however, the Fourth Circuit has held that litigation based on pre-petition contract claims against a third party to the bankruptcy proceeding is non-core.  *Apex Express Corporation v. The Wise Company, Inc.,* 190 F.3d 624, 631 (4th Cir. 1999); *see also In re Orion Pictures v. Showtime Networks, Inc.,* 4 F.3d 1095 (2nd Cir. 1993); *Beard v. Braunstein,* 914 F.2d 434 (3rd Cir. 1990); *In re Porter-Hayden Company v. First State Management Group, Inc.,* 304 B.R. at 730; *In re Millenium Studios,* 286 B.R. at 304.

Despite the fact that USL's claims against Cook County are USL's largest asset, as the adversary proceeding involves pre-petition contracts with a third party, it is non-core. Accordingly, this factor militates in favor of withdrawal of the reference.

C.  Judicial Economy and the Efficient Use of Creditor Resources

A bankruptcy judge may hear a non-core proceeding that is related to the bankruptcy proceeding, but may not enter a final

judgment.  § 157(c)(1).  Instead, the bankruptcy court must
submit proposed findings of fact and conclusions of law to the
district court for *de novo* review.  *Id*.

   In that USL's claim is non-core, adjudication of the claim
in bankruptcy court would require *de novo* review in this Court.
Withdrawal, therefore, would allow for a final judgment in a
single proceeding, thereby promoting judicial economy and
conserving USL's resources.  Accordingly, this factor favors
withdrawal.

D.  Reduction of Forum Shopping

   Cook County argues that both the GL and Cashiering System
contracts contained forum selection clauses that provided
Illinois courts exclusive jurisdiction over disputes arising out
of the contracts and that withdrawal of the reference would
prevent USL's attempts at forum shopping.[1]  USL argues in
response that there has been no effort to forum shop because the
Cashiering System Contract and the August 1999 oral contract did
not include forum selection clauses.

   The GL contract, document number 99-43-957, includes a
provision that:

> The Contractor irrevocably agrees that, subject to the
> County's sole and absolute election, any action or
> proceeding in any way, manner or respect arising out of the

---

[1] The Court assumes that Cook County will seek dismissal or
transfer of USL's contract claim if the reference is withdrawn.

Contract, or arising from any dispute or controversy arising
in connection with or related to the Contract, shall be
litigated only in courts within the City of Chicago, County
of Cook, State of Illinois, and the Contractor consents and
submits to the jurisdiction thereof.

Contract for Service, Document No. 99-43-957, GC-29.

This provision, on its face, appears to require actions
arising out of the contract to be adjudicated in Illinois.
Irrespective of whether the Cashiering System and oral contracts
contain forum selection clauses, withdrawal of the reference
would prevent circumvention of the GL contract's forum selection
clause.  Accordingly, this factor favors withdrawal.

E.  Preservation of the Right to a Jury Trial

As the gravamen of the adversary proceeding are state law
breach of contract claims, Cook County has a right to a jury
trial.  Accordingly, this factor favors withdrawal.

III.  Conclusion

As USL's contract claim is a non-core proceeding, withdrawal
of the reference of the claim will promote judicial economy,
preserve debtor's resources, prevent possible forum shopping and
preserve Cook County's right to a jury trial.  Accordingly, the

motion to withdraw reference of the adversary proceeding will be

granted.


January 5, 2006                                    /s/
Date                              William D. Quarles, Jr.
                                  United States District Judge